Filed 10/16/25  Morales v. Critchfield Mechanical CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LUIS MORALES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CRITCHFIELD MECHANICAL INC.,<br><br>    Defendant and Respondent. | A171632<br><br>(Alameda County<br>Super. Ct. No. 23CV039048) |

Plaintiff Luis Morales was rear-ended on the freeway by a driver who was on his way to work.  Morales sued both the driver and that driver's employer at the time of the accident, Critchfield Mechanical Inc. (CMI).  The trial court granted CMI's motion for summary judgment under the "going and coming" rule:  an employee's commute going to and coming from work is ordinarily considered outside the scope of employment, such that the employer is not vicariously liable for the employee's torts committed while commuting.  (*Hinman v. Westinghouse Electric Co.* (1970) 2 Cal.3d 956, 961 (*Hinman*).)

On appeal, Morales argues that the trial court erred in granting summary judgment because he raised a triable issue of material fact as to whether certain exceptions to the going and coming rule apply here.  We disagree and affirm.

1

Morales filed a complaint against Michael Maldonado and CMI, alleging Maldonado had negligently caused a motor vehicle accident that resulted in injuries to Morales.

On the morning of August 15, 2022, Maldonado was driving in his personal vehicle from his home to a CMI job site in San Mateo. Maldonado was employed by CMI as an apprentice with the sheet metal fabricators union. Maldonado rear-ended Morales while traveling on the freeway. It is undisputed that, at the time of the accident, Maldonado was not making any work-related phone calls, transporting clients, performing errands, or delivering any goods, products, or materials for CMI. And CMI did not compensate or reimburse Maldonado for his commute time.

CMI moved for summary judgment, arguing it could not be vicariously liable under the going and coming rule because Maldonado was commuting to work when the accident occurred.

Morales opposed the motion, arguing that two exceptions to the going and coming rule apply here. First is the "required vehicle exception," which provides that an employee's commute is within the scope of employment if an employer requires an employee to drive to and from the workplace " 'so that the vehicle is available for the employer's business.' " (*Jorge v. Culinary Institute of America* (2016) 3 Cal.App.5th 382, 402 (*Jorge*), quoting CACI No. 3725.) Second is the "incidental benefit exception," which provides that an employee's commute may also be within the scope of employment "if the use of the employee's vehicle provides some direct or incidental benefit to the employer." (*Ibid.*)

The trial court granted CMI's summary judgment motion. It determined that CMI had met its burden to show application of the going and

coming rule, and that Morales had not raised a triable issue of material fact on either the required vehicle or incidental benefit exception. Judgment was entered in favor of CMI on Morales's action against it, and a notice of settlement with Maldonado was filed shortly thereafter. This appeal followed.

## DISCUSSION

### I. *Standard of Review*

"On appeal from the grant of summary judgment, we review the record de novo and apply the same standard as did the trial court." (*Bingener v. City of Los Angeles* (2019) 44 Cal.App.5th 134, 140 (*Bingener*).) That standard is well settled: summary judgment is proper "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)

A defendant moving for summary judgment bears the burden of showing the cause of action cannot be established. (Code Civ. Proc., § 437c, subds. (*o*), (p)(2).) Once the defendant makes this showing, the burden shifts to the plaintiff to show a triable issue of material fact exists as to the cause of action. (*Id.*, subd. (p)(2).) A triable issue of fact exists "if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the [plaintiff] in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co. (*2001) 25 Cal.4th 826, 845.) In making that determination, the evidence is viewed in the light most favorable to the plaintiff, and any reasonable inferences from the facts are drawn in the plaintiff's favor. (*Id.* at p. 843.)

3

## II. *Employer Liability and "Going and Coming" Rule*

Under the doctrine of respondeat superior, an employer is liable for the torts of its employees that are committed within the scope of their employment. (*Ducey v. Argo Sales Co.* (1979) 25 Cal.3d 707, 721.) "This doctrine is based on ' "a deliberate allocation of a risk. The losses caused by the torts of employees, which as a practical matter are sure to occur in the conduct of the employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business." ' " (*Jorge, supra*, 3 Cal.App.5th at p. 396.)

Under the going and coming rule, however, an employee's commute to and from work is considered outside the scope of employment, so that the employer is not vicariously liable for the employee's torts committed while commuting. (*Hinman, supra*, 2 Cal.3d at p. 961.) The rule is "grounded in the notion that ' "the employment relationship is 'suspended' from the time the employee leaves until he returns [citation], or that in commuting he is not rendering service to his employer." ' " (*Jorge, supra*, 3 Cal.App.5th at p. 397.)

In this appeal, Morales does not challenge the sufficiency of CMI's initial showing that the going and coming rule should apply because Maldonado was commuting to work. Morales instead argues that, once the burden shifted to him, he raised a triable issue of material fact as to whether the (1) required vehicle exception or (2) incidental benefit exception to the going and coming rule applies here. We address, and reject, each argument in turn.

## III. *Required Vehicle Exception*

Under the required vehicle exception, an employee's drive to and from work falls within the scope of employment if an employer requires an employee " 'to drive to and from the workplace so that the vehicle is available for the employer's business.' " (*Jorge, supra*, 3 Cal.App.5th at pp. 401–402;

see also CACI No. 3725.) The requirement may be express or implied. (*Jorge*, at p. 386.)

Morales contends that he raised a triable issue of material fact as to whether CMI impliedly required Maldonado to drive to work each day. Morales points to the following evidence to support his position: CMI hires only union members. The collective bargaining agreement between CMI and the union requires members to have a valid driver's license upon dispatch. When asked about this license requirement, a union representative testified in deposition that "it's in our collective bargaining agreement too that they have to be able to drive to work so if they drive to work, they should have a driver's license." And when asked whether it was "implied" that Maldonado would have to use his vehicle to get to the CMI job site by the morning start time, his manager testified in deposition "Yes," but then explained that Maldonado "could use someone else's vehicle," or "somebody could have brought him to work every day," because the means by which he arrived at a job site did not matter at all to CMI.

As a preliminary matter, this evidence does not show CMI had a mandatory driving requirement that would trigger the exception. Any purported union requirement that members "be able to drive to work" is not equivalent to a requirement by CMI that Maldonado drive his vehicle to work. Nor is any union requirement that members have a driver's license sufficient to satisfy the required vehicle exception. (*Bingener*, *supra*, 44 Cal.App.5th at p. 142 [rejecting application of exception based on driver's license requirement in job description].)

Even if it did, this evidence would still not satisfy the required vehicle exception in its entirety. As we explained in *Jorge*, the exception applies where an employee is required to drive to and from work " '*in order to have*

5

*his vehicle available for company business during the day.'"* (*Jorge, supra,* 3 Cal.App.5th at p. 401.) Morales offers no argument, let alone any evidence, that CMI required Maldonado to commute so that his vehicle was available for company business during the day. (*Ibid.*)

Morales unsuccessfully attempts to distinguish *Jorge* on its facts, arguing, among other things, that we determined there was insufficient evidence of the required vehicle exception in that case because the employee occasionally "volunteered" to participate in work events that involved driving. (*Jorge, supra,* 3 Cal.App.5th at pp. 391, 402.) But nothing in our description of the required vehicle exception in *Jorge* is dependent on the particular facts of that case. On the contrary, "cases invoking the required-vehicle exception all involve employees whose jobs entail the regular use of a vehicle to accomplish the job in contrast to employees who use a vehicle to commute to a definite place of business." (*Tryer v. Ojai Valley School* (1992) 9 Cal.App.4th 1476, 1481.)

We conclude that Morales did not raise a triable issue of material fact on application of the required vehicle exception.

## IV. *Incidental Benefit Exception*

"'The drive to and from work may also be within the scope of employment if the use of the employee's vehicle provides some direct or incidental benefit to the employer.'" (*Jorge, supra,* 3 Cal.App.5th at p. 386.) An incidental benefit under this exception is one that is "not common to commute trips by ordinary members of the work force" and "sufficient enough to justify making the employer responsible for the risks inherent in the travel." (*Blackman v. Great American First Savings Bank* (1991) 233 Cal.App.3d 598, 602, 604.)

Morales contends that he raised a triable issue of material fact as to whether CMI derived an incidental benefit from Maldonado driving to work. Morales premises this argument on deposition testimony that the collective bargaining agreement between CMI and the union provided for mileage reimbursement.

In so doing, Morales concedes that the "mere payment of a travel allowance" is insufficient to satisfy the incidental benefit exception. (Compare *Hinman, supra*, 2 Cal.3d at p. 961 [concluding doctrine of respondeat superior is applicable where employer pays travel expenses plus additional payment for travel time per contract with employee] with *Caldwell v. A.R.B., Inc.* (1986) 176 Cal.App.3d 1028, 1042 (*Caldwell*) [rejecting exception because $10 to $13 daily travel allowance for job sites 30 to 40 miles away "does not reflect a sufficient benefit to defendant so that it should bear responsibility for plaintiff's injuries"].) Morales instead argues that CMI benefited from the mileage reimbursement policy because it (1) expanded the available labor market and reduced the number of employees needed because they could work on CMI projects regardless of location; and (2) allowed CMI to send employees to multiple job sites in the same day. Neither argument has merit.

First, Morales ignores the undisputed fact that, despite the purported union policy, Maldonado did not claim any mileage and thus CMI did not compensate or reimburse him for mileage expenses. Morales does not present any specific argument or authority supporting application of the incidental benefit exception based on a policy that was not in fact implemented. (Cal. Rules of Court, rule 8.204(a)(1)(B) [briefs must "support each point by argument and, if possible, by citation of authority"]; see also *Hodjat v. State Farm Mutual Automobile Ins. Co.* (2012) 211 Cal.App.4th 1,

7

10 ["[A]ppellant is required to not only cite to valid legal authority, but also explain how it applies in his case"].)

Instead, Morales cites authority *rejecting* application of the exception even where employers had actually paid travel allowances to employees. (*Anderson v. Pacific Gas & Electric Co.* (1993) 14 Cal.App.4th 254, 257, 261 (*Anderson*) [payment of $12.50 daily travel allowance to employees commuting at least 25 miles]; *Caldwell, supra*, 176 Cal.App.3d at p. 1040 [payment of $10 to $13 daily travel allowance to all employees]; *Harris v. Oro-Dam Constructors* (1969) 269 Cal.App.2d 911, 912 (*Harris*) [payment of $6 daily travel allowance to employees commuting at least 15 miles].) In *Anderson* and *Caldwell*, the appellate courts reasoned that these allowances paid by the employer did not reflect a "sufficient benefit" such that it should bear responsibility for the plaintiff's injuries. (*Anderson*, at p. 261; *Caldwell*, at p. 1042.) In our view, the same reasoning applies with even greater force to the mileage reimbursement policy raised here: Morales has not shown what incidental "benefit" could be said to be reflected by a policy not actually exercised by Maldonado.

And in *Harris*, the appellate court discussed the incidental benefit exception in a "collective bargaining situation" like the one present here: while a travel allowance may "promote the recruitment of applicants living at a distance from the job," the court noted it is "more likely" that the allowance "may be demanded as a matter of fairness to workers who incur extra expenses in travel between home and work." (*Harris, supra*, 269 Cal.App.2d at p. 917.) That reasoning contradicts application of the exception to CMI. *Harris* also emphasized that, when considering such application, "the right to control the trip" remains at the " 'very heart of the ascription of tortious

8

responsibility.' " (*Ibid.*)  As described above, we see no evidence showing CMI had the power to dictate Maldonado's manner of travel to work.

Second, Morales offers no evidence to support his contention that CMI sent Maldonado (or any other employees) to multiple job sites in the same day.  Morales cites deposition testimony that Maldonado could have been at one job site one day and then a "different job site the following day," and that CMI sheet metal fabricators "could be at one job this week and then the following week could be at another job site."  Morales does not argue that sending employees to different job sites on different days or weeks would satisfy the incidental benefit exception.  This is not surprising; as we explained in *Jorge*, *Anderson* "dispensed with the notion that the need to show up for work at different sites rendered the employee's commute extraordinary—or for the benefit of the employer." (*Jorge*, *supra*, 3 Cal.App.5th at p. 405; *Anderson*, *supra*, 14 Cal.App.4th at p. 257 [rejecting exception where employees "worked out of various locations" for employer].)

For all these reasons, we conclude Morales has not come forward with evidence that the mileage reimbursement policy reflects a "sufficient benefit" to CMI such that it should bear responsibility for Morales's injuries here. (*Anderson*, *supra*, 14 Cal.App.4th at p. 261; *Caldwell*, *supra*, 176 Cal.App.3d at p. 1042.)  Morales did not raise a triable issue of material fact on application of the incidental benefit exception, and the trial court did not err in granting summary judgment.

## DISPOSITION

The judgment is affirmed.  CMI is entitled to its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

9

_____

Miller, J.

WE CONCUR:


_____

Stewart, P. J.


_____

Richman, J.


A171632, *Morales v. Critchfield Mechanical, Inc.*